1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   SYLVIA I. WHITE,              )        Case No. 1:10-CV-02117-JLT
          Plaintiff,              )
12                                 )
     v.                            )
13                                 )        STIPULATION AND ORDER
     MICHAEL J. ASTRUE,            )        TO REOPEN AND ENTER JUDGMENT
14   Commissioner of Social Security,  )    IN FAVOR OF PLAINTIFF
          Defendant.              )
15   _____ )      (Doc. 12)
16

17          IT IS HEREBY STIPULATED by the parties, through their undersigned attorneys, and

18   with the approval of the Court, that this case shall be reopened for the purpose of entering

19   judgment for Plaintiff.

20
            On January 27, 2011, pursuant to the stipulation of the parties, this Court remanded the
21
     instant case to the Commissioner for a new hearing (Doc. 8).  The Commissioner was unable to
22
     locate two pages from a medical report completed by Plaintiff's treating physician, Lisa Gil,
23
24   M.D.  On May 10, 2011, an administrative law judge (ALJ) issued a fully favorable decision in

25   Plaintiff's case.
26
            Now that the administrative proceedings have concluded, reopening is necessary.  In a
27
28   sentence-six remand case, the Court retains jurisdiction following the remand.  See Melkonyan v.

                                           1

Sullivan, 501 U.S. 89, 98 (1991) (district court retains jurisdiction over Social Security cases remanded under 42 U.S.C. § 405(g), sentence six, and where the final administrative decision is favorable to one party or the other, the Commissioner is to return to the court following completion of the administrative proceedings on remand so that the court may enter a final judgment or, as in this case, a dismissal); see also Shalala v. Schaefer, 509 U.S. 292, 298-300 (1993).

> [A] sentence six remand, because of clear language in the social security statute, implies and necessarily involves a reservation of jurisdiction for the future and contemplates further proceedings in the district court and a final judgment at the conclusion thereof. A sentence six remand judgment, the Court said, is therefore always interlocutory and never a "final" judgment.

Carrol v. Sullivan, 802 F.Supp. 295, 300 (C.D.Cal. 1992) (paraphrasing and quoting Melkonyan).

It is therefore appropriate to reopen this case in order to resolve the Court's sentence-six jurisdiction.  Upon reopening, the parties stipulate that judgment should be entered for Plaintiff..

Respectfully submitted,

Dated: August 1, 2011

*/s/ Shanny Lee*
(As authorized via email)
SHANNY LEE
Attorney for Plaintiff


BENJAMIN B. WAGNER
United States Attorney

Date: August 1, 2011

By *s/ Daniel P. Talbert*
DANIEL P. TALBERT
Special Assistant U. S. Attorney

*///*

2

## ORDER

Upon the stipulation of the parties, the Court hereby **ORDERS**:

1.      This matter is re-opened for the purpose of entering final judgment; and

2.      The Clerk of Court **IS DIRECTED** to enter judgment in favor of Plaintiff Sylvia

White and against Defendant Michael J. Astrue, Commissioner of Social Security.

IT IS SO ORDERED.

Dated:   **August 2, 2011**                                    _____

                                                                               **/s/ Jennifer L. Thurston**

                                                                               UNITED STATES MAGISTRATE JUDGE